In accordance with this stipulation and following the decision cited, wherein it was held that the collector had employed a method of calculation which deprived the importer of refunds rightfully due him under the judgment of this court, judgment will therefore be entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess in accordance with our decision and judgment in *Santo Alioto & Sons et al.* v. *United States,* Abstract 45155.

No. 50528.—Protests 108664–K, etc., of Gaines Food Co. (New York).

Opinion by KEEFE, J.    It was stipulated that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein.    In accordance therewith the protests were sustained as claimed.

No. 50529.—Protests 46363–K, etc., of Dean & Kite Co. (Cleveland).

Opinion by KEEFE, J.    At the trial it was established that the articles consist of oatmeal saucers and fruit saucers the same in all material respects as the merchandise the subject of *Copeland & Thompson* v. *United States* (12 Cust. Ct. 85, C. D. 833), which record was admitted in evidence herein.    The classification of fruit saucers was not at issue in that case for the reason that the collector had properly classified fruit saucers in accordance with the terms of the trade agreement.    In view of the record before the court it was held that the oatmeal saucers and fruit saucers in question were properly dutiable as claimed.

No. 50530.—Protest 113120–K of Browne Vintners Co., Inc. (New York).

Opinon by KEEFE, J.    At the trial plaintiff's witness testified that the case of whisky in question was missing from the shipment, it never having been received, and that a claim for loss was made against the insurance company.    Counsel for the plaintiff stated that the affidavit of shortage, as required under article 812, Customs Regulations of 1937, was not filed within the time prescribed.    Government counsel admitted that an investigation showed the case of whisky was not imported.    In view of the evidence, judgment was entered in favor of the plaintiff, and the collector was directed to make refund of duties taken upon the one case of whisky in question.

No. 50531.—Protests 41313–K, etc., of Maloney Electric Co. et al. (St. Louis).

Opinion by EKWALL, J.    In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the

holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50532.**—Protests 42056–K/89623, etc., of J. E. Bernard & Co., Inc., et al. (Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50533.**—Protests 54713–K, etc., of H. A. Caesar & Co. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50534.**—Protests 56068–K, etc., of Thomas E. Smith (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.